Robert E. LYNN, Alicia J. Lynn, Plaintiffs,

v.

William F. SMITH, John E. Young, Charles Benedict, Henry J. Danielson, J. Regis Thompson, Charles Anthony, Defendants.

Civ. A. No. 660.

United States District Court
W. D. Pennsylvania.
Nov. 18, 1959.

C. Henry Nicholson, Warren, Pa., William R. Blood, Jamestown, N. Y., for plaintiff.

John Gent, Erie, Pa., for defendant.

WILLSON, District Judge.

This is a diversity case in which the plaintiff, Robert E. Lynn claims that the defendants maliciously prosecuted him before a Justice of the Peace and the Quarter Sessions Court of Warren County, Pennsylvania [1]. That action was ter-

1. In the first count of the complaint, the plaintiff is denominated as Robert E. Lynn and his cause of action is based upon his alleged malicious prosecution by the defendants. In the second count, the plaintiff is denominated as Robert E. Lynn and Alicia J. Lynn and their cause of action against the defendants, William F. Smith, John E. Young, Charles Benedict and Henry J. Danielson is ancillary to the cause of action pleaded in the first count but further indicates that these defendants deprived the plaintiff of the opportunity to sell their property with the the result that they were damaged. At the time of the second pre-trial the

minated in plaintiff's favor. In the present case he seeks damages because he claims that the prior action was not only maliciously initiated but that there was no probable cause for bringing it.

The defendants, William F. Smith, John E. Young and Charles Benedict are sued individually and in their official capacity as Supervisors of the Township of Pittsfield, Warren County, Pennsylvania. Henry J. Danielson is sued as an individual. The remaining defendants are Charles Anthony, who is the constable who served the warrant of arrest, and J. Regis Thompson, who is the Justice of the Peace who held the plaintiff on bail and afterwards sentenced him in a summary proceeding.

The prosecution of the plaintiff which gave rise to this civil action was commenced on June 13, 1956 before Justice of the Peace, Thompson, at which time the plaintiff was held on $1,000 bail. Afterwards, a hearing was held and the plaintiff was convicted. He then appealed to the Quarter Sessions Court of Warren County, Pennsylvania. That Court held a trial de novo, at which time the Court spent two days taking testimony. Thereafter the Judge of that Court filed a twenty-five page opinion, a copy of which is attached to the answer of the defendants and was admitted into evidence at the pre-trial.

This case came on before me at pre-trial at Erie. In accordance with the rules, plaintiff filed a narrative statement of the issues. Thereafter, a second pre-trial was held at which time plaintiff's counsel filed an amended pre-trial statement. The crux of the plaintiff's cause of action is set forth in paragraphs 2, 3, 4 & 5 of his amended pre-trial statement, which, incidentally, are the same as the original pre-trial statement.

"2. On June 13, 1956, William F. Smith, John E. Young and Charles Bene-

dict, individuals and supervisors of Pittsfield Township, Warren County, Pa. and Henry Danielson, caused Charles Benedict to make an information charging that Robert E. Lynn removed a concrete bench from a public park in said Pittsfield Township, and that the Justice of the Peace, J. Regis Thompson caused Charles Anthony, Constable, to arrest and detain plaintiff, Robert E. Lynn.

"3. The said actions of the said defendants was a conspiracy to injure and damage plaintiff, Robert E. Lynn, in his reputation and his financial position.

"4. In furtherance of the said conspiracy, defendant J. Regis Thompson, required plaintiff, Robert E. Lynn to post bail in an excessive amount, specifically one-thousand dollars.

"5. All the defendants knew or should have known and had been advised by counsel and by Robert E. Lynn that the property whereon the aforementioned bench was placed was the property of plaintiff and not a public park."

As required by our local rules, plaintiff's counsel in his pre-trial narrative, named his witnesses to be produced at the trial and listed the exhibits which he would introduce at the trial. Plaintiff's counsel was repeatedly interrogated by me as to what his proof was on the issue as to whether the prior prosecution of the plaintiff was initiated without probable cause. Plaintiff's counsel indicated in reply that the series of events which took place, in effect, showed lack of probable cause and maliciousness in commencing the prior case.

The following factual situation was developed at pre-trial. On May 30, 1949, the citizens of Pittsfield Township held a memorial dedication in which a bronze plaque was dedicated, as is indicated in the printed program,[2] in memory of "all ............of the ones in service from Pittsfield Township, District I......."

plaintiff's counsel in response to an inquiry by the Court, stated that the basis of his cause of action was malicious prosecution; in effect resting his case on the allegations contained in the first count and he so proceeded in the development of his case at pre-trial. This is the understanding on which the Court now proceeds.

2. Defendants' exhibit number ten.

The program states "the plaque was to be embedded in a native stone and *put in the township part.*"[3] The stone memorial rested in a grove of trees in front of a two story frame dwelling, adjacent to a highway in the village of Pittsfield. The land, if owned privately at the time of the dedication was owned by the plaintiff's father, Emmett Edwin Lynn. It is apparent that for a number of years after the dedication service of 1949 there was no controversy over whether the area in which the monument stood was a public park. As far as the present record is concerned, it was not until 1955 that the question arose. Plaintiff's exhibits eight and nine indicate that he was in conference with one of the Supervisors, at least with reference to the title to the monument site. For instance, exhibit eight is a letter of May 9, 1955 from defendant, John E. Young, a supervisor, to plaintiff suggesting that it would be best for the plaintiff to come down sometime "and we would try to settle it between our selfs"; and contained an alternative suggestion that if the plaintiff did not wish to do it that way, the Supervisors would meet him at a lawyer's office in Warren at a convenient time.

Another letter from the defendant, John E. Young to the plaintiff on July 8, 1955[4] is along the same general tenor. The catalyst which brought this situation to a head is a letter written by the plaintiff on May 8, 1956[5] to the Secretary of the Board of Supervisors. In that letter, the plaintiff offers to convey a certain lot of land to the Supervisors "upon which there now stands a war memorial." The plaintiff indicates that the proposed "conveyance is being made in memory of Emmett E. Lynn and Mary A. Cole Lynn, (plaintiff's parents) upon the express condition that the said property shall be used as a war memorial......." The letter asserts that if the Supervisors do not accept this proposal "within 15 days" the writer "shall make other plans for the disposition of the property." He

then concludes with "if such proposal is not accepted you are hereby notified to remove from my property within thirty days from the date hereof, the monument, flagpole and shrubbery which is now located thereon."

Some little time thereafter, the Supervisors caused the concrete bench to be placed either on the same plot of ground on which the memorial was situate or within a few feet of that ground. Plaintiff admittedly broke up the bench and threw it away. The Supervisors then contacted Myron Kornreich, District Attorney of Warren County, Pennsylvania. He appeared at pre-trial on behalf of the defendants and made a statement of what he would testify to and plaintiff does not dispute the proposed testimony of the District Attorney of Warren County. This official states that on being consulted, he examined the law on the subject and concluded that without determining precisely who held the title, a section of a criminal statute was violated by plaintiff, Robert E. Lynn. This witness understands that the stone memorial had been erected and dedicated in 1949 and that the Supervisors had maintained the site, that is, by having the grass cut at public expense, and with the knowledge and consent of the Lynns, both the present plaintiff and his father before him. The land having been considered by everyone as a public park, the District Attorney considered that Lynn should be prosecuted for the destruction of the bench, a piece of personal property admittedly owned by the township. The District Attorney prepared the information upon which the warrant was issued by the Justice of the Peace. In his official capacity, the District Attorney attended the hearing before the Justice of the Peace at the time the plaintiff was convicted. When the appeal was allowed by the County Court, the District Attorney again appeared in his official capacity, considering this to be a routine Commonwealth case.

---

3. Emphasis supplied.

4. Plaintiff's exhibit nine.

5. Plaintiff's exhibit ten.

Plaintiff by his proposed witnesses and exhibits indicated that he would show conclusively that the title to the tract upon which the war memorial was situated was in the plaintiff, with the result that the supervisors had no legal right whatsoever, to place the bench upon the land. Plaintiff, in other words, was prepared to, in this case, prove his title. His theory of this case is that on proof of a title being in himself, then the prosecution is, ipso facto, malicious and without probable cause. But in addition, he indicated that he would show that the Supervisors were advised that the township had no record title to the premises and concludes from this that they knew that they were outside their legal rights in placing the bench on the property. With reference to the statements of the District Attorney, plaintiff's position of necessity is that there was no full disclosure of all the facts made to the District Attorney. This position must be taken because the plaintiff is, of course, aware of the principle that advice of an attorney sought in good faith after a full disclosure of the facts is conclusive of the existence of probable cause.

Upon all the evidence, however, which both sides would produce in this case as shown by the pre-trial record, this Court would be compelled to rule not only that there was a lack of malice but that there was probable cause. The evidence indicated that the Supervisors had examined the source of the public title. The most that plaintiff can make out of that proposition is that the paper title of the township may have been defective in some respects. On the other hand the defendants, as Supervisors, maintained, in spite of the lack of a good paper title, that the historical maps and records indicated that the site in question had been, in 1865, dedicated as a public street. The position of the Supervisors in the several years prior to the plaintiff's arrest had not in any respect receded, and they continued to be of the opinion that the area was township property, and was so understood by the residents of the township.

Upon hearing counsel for both litigants at pre-trial and examining the pre-trial narratives for each side, it seemed apparent that a trial of this case would consume at least three days. The District Attorney's evidence alone would justify the prosecution, providing the defendants had made full disclosure to him. The only point in that regard that plaintiff's counsel disputes is that the District Attorney was not informed of the weakness in the public title but the District Attorney's answer to that is that he felt it was a case in which the dispute on the title was secondary and played no part in his suggesting to the defendants that the prosecution be initiated. The fact is, and without dispute, that the Supervisors were in possession of the area for the last ten years and that a dispute arose some two years before the prosecution, as to where the title to the property actually rested. Under all the circumstances revealed at pre-trial, the District Attorney's advice and participation in the prosecution conclusively establishes probable cause and want of malice. See Baird v. Aluminum Seal Co., 3 Cir., 250 F.2d 595; Psinakis v. Psinakis, 3 Cir., 221 F.2d 418; Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 32 A.2d 413.

What has been said relates especially to the defendants, William F. Smith, John E. Young and Charles Benedict, who were sued as individuals and as Supervisors of the township. Defendant, Henry J. Danielson was sued as an individual and there was no evidence, whatsoever, at pre-trial which could hold him liable. Defendant, J. Regis Thompson was the Justice of the Peace and no evidence was presented at the pre-trial indicating that he could be held liable. The remaining defendant is Charles Anthony, a Constable who served the warrant of arrest and nothing at the pre-trial was offered by plaintiff indicating that this defendant could be held liable.

The Order of Dismissal was filed at Erie, November, 18, 1959. The foregoing are the reasons why this civil action was dismissed.